# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

Ronald Klock, by and through his representative, Jean Klock, *et al.*

        Plaintiffs,

v.

Monsanto Company,

        Defendant.

Case No. 4:18-cv-01966-JAR

JURY TRIAL DEMANDED

## MOTION TO REMAND AND MEMORANDUM IN SUPPORT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii
TABLE OF AUTHORITIES ........................................................................................................ iii
MOTION TO REMAND ............................................................................................................... 1
MEMORANDUM IN SUPPORT OF MOTION TO REMAND ................................................... 1
    I.    FACTUAL & PROCEDURAL BACKGROUND ............................................................. 1
    II.  THE FORUM DEFENDANT RULE IS JURISDICTIONAL AND CANNOT BE WAIVED .................................................................................................................................. 2
    III.  DEFENDANT'S PRE-SERVICE REMOVAL IS INCONSISTENT WITH THE FUNDAMENTAL PURPOSE OF REMOVAL AND THE FORUM DEFENDANT RULE ... 3
        a.  Defendant Is Engaging in the Type of Procedural Gamesmanship Disfavored by the Court .......................................................................................................................... 3
        b.  No Exceptions to the Forum Defendant Rule Apply ........................................ 4
    IV.  THE EIGHTH CIRCUIT RECOGNIZES AN EXCEPTION TO THE "PLAIN LANGUAGE" RULE WHEN, AS HERE, THE RESULT CONTRAVENES THE STATUTORY INTENT ................................................................................................................. 5
    V.   CONCLUSION .................................................................................................................. 6
CERTIFICATE OF SERVICE ...................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17–18 (1951) ................................................................. 3

*Bailey v. Monsanto Co.,* 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016) ............................................. 6

*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158–59 (6th Cir.1993) .................................................. 4

*Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935 (E.D. Mo. Jan. 19, 2018) ....... 7

*Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935, at *3 (E.D. Mo. Jan. 19, 2018) .................................................................................................................................... 5, 6

*Hart v. Terminex Int'l*, 336 F.3d 541, 541–42 (7th Cir.2003) ....................................................... 3

*Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030 (E.D. Mo. 2014) ..................................... 5, 7

*Horton v. Conklin,* 431 F.3d 602, 605 (8th Cir. 2005) ................................................................... 2

*Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1146 (8th Cir.1992) ........................................ 2

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) .................................................... 3

*Laster v. Monsanto Co.*, No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018) ........................................................................................................................................ 4

*Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir.2006) ................................................ 4

*Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) ..................................................... 4

*Owner–Operator Indep. Drivers Assoc. v. United Van Lines, LLC*, 556 F.3d 690, 693–94 (8th Cir.2009) ................................................................................................................................... 6

*Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir.1981) ................................... 2

*Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1242 (E.D. Mo. 2012) ............................ 4, 5, 7

*Rogers v. Boeing Aerospace Operations, Inc.,* 13 F. Supp. 3d 972, 974 (E.D. Mo. 2014) ........ 2, 7

**Statutes**

1332 ................................................................................................................................................ 1

1407 ................................................................................................................................................ 1

1441 ................................................................................................................................................ 1

1446 ................................................................................................................................................ 1

1447 ................................................................................................................................................ 1

1448 ................................................................................................................................................ 1

28 U.S.C. § 1441(b)(2) ................................................................................................................... 2

## MOTION TO REMAND

Pursuant to 28 U.S.C. §§ 1332, 1407, 1441, 1446, 1447, and 1448, and the applicable case law from the Eighth Judicial Circuit, Plaintiffs herein move for an order remanding this action to the Missouri Circuit Court, Twenty-First Judicial Circuit, in and for Saint Louis County.

Pursuant to the law of Missouri and the Eighth Circuit, this matter should be remanded to the Missouri Circuit Court, Twenty-First Judicial Circuit, in and for Saint Louis County.

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

### I.   FACTUAL & PROCEDURAL BACKGROUND

This matter was brought in Saint Louis County, Missouri. All Plaintiffs claim their injuries are a direct and proximate result of Defendant's negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, and/or sale of Roundup and/or other Monsanto glyphosate-containing products ("Roundup"). Plaintiffs seek recovery for damages as a result of developing Non-Hodgkin's Lymphoma ("NHL"), which was directly and proximately caused by such wrongful conduct by Defendant, the unreasonably dangerous and defective nature of Roundup, and its active ingredient, glyphosate, and the attendant effects of developing NHL.

No Plaintiff knew of an association between exposure to Roundup® and the increased risk of developing NHL until well after July 29, 2015, when the International Agency for Research on Cancer ("IARC"), an agency of the World Health Organization ("WHO"), first published its evaluation of glyphosate.

This Petition was electronically filed in St. Louis County, Missouri on November 19, 2018. Defendant, Monsanto, is the only Defendant named in the Petition.

At all times relevant hereto, Monsanto was a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri. On November 21, 2018, Defendant Monsanto filed a Notice of Removal with the Clerk of the Court via the CM/ECF system. On December 6, 2018 this Court received a Conditional Transfer Order (Dkt. 7) and ordered this matter transferred to this MDL (Dkt. 8). This motion is timely.

**II.    THE FORUM DEFENDANT RULE IS JURISDICTIONAL AND CANNOT BE WAIVED**

The Eighth Circuit holds that a violation of the forum defendant rule[1] is jurisdictional and thus incapable of being waived. *See Horton v. Conklin,* 431 F.3d 602, 605 (8th Cir. 2005) ("violation of the forum defendant rule is a jurisdictional defect and "not a mere procedural irregularity capable of being waived."" *quoting Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1146 (8th Cir.1992)); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir.1981); *see also, Rogers v. Boeing Aerospace Operations, Inc.,* 13 F. Supp. 3d 972, 974 (E.D. Mo. 2014).

Accordingly, the Eastern District of Missouri lacked jurisdiction over this matter and therefore this matter could not be transferred to the MDL as to do would transfer a nullity. *See Tebeau v. Gen. Motors Corp.,* No. 4:09CV00398 ERW, 2011 WL 4953999, at *1 (E.D. Mo. Oct. 18, 2011) ("Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *citing Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17–18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541–42 (7th Cir.2003)).

---

[1] The forum defendant rule refers to 28 U.S.C. § 1441(b)(2), that provides that diversity cases such as this may not be removed from state court if any of the parties, properly joined and served as defendants in the action, are a citizen of the state in which the plaintiff filed the lawsuit.

2

### III. DEFENDANT'S PRE-SERVICE REMOVAL IS INCONSISTENT WITH THE FUNDAMENTAL PURPOSE OF REMOVAL AND THE FORUM DEFENDANT RULE

Defendant's pre-service removal in this case is inconsistent with the fundamental purpose of removal and the forum defendant rule. Defendant asserted in its Notice of Removal that "[b]ecause Monsanto has not been served, the forum defendant rule of 28 U.S.C § 1441(b)(2) does not apply here, and this case is removable under 28 U.S.C. § 1441(a)." (Dkt. 2, ¶9). The notice then cites several cases it alleges support its position. As the following will show, they do not, and Defendant has ignored precedent to the contrary.

The purpose of federal diversity jurisdiction is to avoid prejudice to an out-of-state defendant and removal based on diversity jurisdiction exists to protect non-resident litigants from prejudice in state court. *See Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1242 (E.D. Mo. 2012) *citing Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) and *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158–59 (6th Cir.1993). Naturally, the need for this protection does not exist when the defendant is a citizen of the state where the action is brought. *Id. citing Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir.2006); *Laster v. Monsanto Co.*, No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018) (the rationale underlying the forum defendant rule is breached when the forum defendant removes the action before being served). Here, the defendant, Monsanto, clearly contravened the rationale underlying the forum defendant rule with its pre-service removal.

**a. Defendant Is Engaging in the Type of Procedural Gamesmanship Disfavored by the Court**

Missouri courts' disfavor the type of gamesmanship that Defendant has engaged in by filing their notice of removal less than two days from the Plaintiffs' filing of their petition and

3

before the clerk had executed the summons. To permit this type of gamesmanship eviscerates the very purpose of the forum defendant rule. *Laster* at *3.

This case is similar to *Perez v. Forest Laboratories, Inc.* where the court held that defendant Forest engaged in legal gamesmanship by effecting pre-service removal that violated the legislative intent of the statute and the forum defendant rule by hawking the docket to remove the action "a mere **six days** after it was filed, before the forum defendant, Forest Pharmaceuticals, Inc., could be served and trigger the "forum defendant rule"" *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1240 (E.D. Mo. 2012) (emphasis added) and that pre-service removal from the monitoring of an electronic docket "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Id.* at 1243.

In *Hensley v. Forest Pharmaceuticals, Inc.,* the court again found that the defendant, Forest, had hawked the electronic docket in an egregious attempt to avoid the forum defendant rule when it filed its notice of removal **four days** after the state court pleading was filed. *See Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030 (E.D. Mo. 2014); *Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935, at *3 (E.D. Mo. Jan. 19, 2018) (finding pre-service removal particularly egregious where defendant removed a mere **15 days** after filing and state court and the forum defendant was **the only defendant in the action**). The present case has even more extreme facts and the sole defendant, Monsanto, filed their Notice of Removal only **two (2)** days after the Petition was filed.

## b. No Exceptions to the Forum Defendant Rule Apply

Although the courts have recognized exceptions to the forum defendant rule, none of those exceptions apply in the present litigation.

One exception to the forum defendant rule is the Fraudulent Joinder Doctrine. When a defendant is fraudulently joined, the case may be removed. *See, for example, Bailey v. Monsanto Co.,* 176 F. Supp. 3d 853, 866 (E.D. Mo. 2016). In the present case Monsanto is the only named defendant and continues to manufacture, market, and distribute the product, RoundUp®, that caused Plaintiffs' injuries. As such, there can be no argument of fraudulent joinder. Rather, when the defendant is the only defendant, they are clearly engaging in gamesmanship to keep the case out of state court. *See Gray, supra.*

An exception to the forum defendant rule also exists in the presence of a nominal party that would otherwise prevent sufficient diversity of citizenship is not sufficient. *See Monroe v. Roedder,* 583 F. Supp. 2d 1031, 1035 (E.D. Mo. 2008). As Monsanto is the only defendant and is far more than nominal, such an exception obviously does not apply.

There are no exceptions to the forum defendant rule that the defendant, Monsanto, can avail itself of in the present case.

IV. **THE EIGHTH CIRCUIT RECOGNIZES AN EXCEPTION TO THE "PLAIN LANGUAGE" RULE WHEN, AS HERE, THE RESULT CONTRAVENES THE STATUTORY INTENT**

The Eighth Circuit has held that when a statute's language is plain, an exception exists when the end result obviously conflicts with the intent of the statute. *See Owner–Operator Indep. Drivers Assoc. v. United Van Lines, LLC,* 556 F.3d 690, 693–94 (8th Cir.2009). In situations where the forum defendant hawks the electronic docket to effect pre-service removal to federal court, this court has found that such behavior is egregious and the result is contrary to the intent of the statute. *See Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030 (E.D. Mo. 2014), *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238 (E.D. Mo. 2012), *Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935 (E.D. Mo. Jan. 19, 2018). This situation is similar to the many other times that defendant, Monsanto, has engaged in this precise gamesmanship and, as

5

with the authority cited, it should not be permitted and this matter should be remanded to state court due to lack of jurisdiction.

Further, in *Rogers*, a case where the court held that the forum defendant rule did not bar removal by a non-forum defendant after it was served but before the forum defendant was served, recognized the fundamental difference of that situation from egregious cases such as the present one where the defendant "has "hawked" the state court docket and removed before service to any defendant has occurred." *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977 (E.D. Mo. 2014).

The cases cited by the Defendant in their Notice of Removal they allege support removal are clearly distinguishable on their facts and frequently from outside of the Eighth Circuit. Therefore, as numerous cases in the Eighth Circuit and, specifically this Court show, the Defendant's hawking of the electronic docket is an egregious abuse of the system and produces a result directly contrary to the intent of the statute. As such, the case must be remanded back to state court.

### V.     CONCLUSION

As the controlling case law makes clear, this Court never had jurisdiction over the underlying case, the forum defendant rule applies, and this matter must be remanded back to state court where it was originally filed.

DATED: December 20, 2018                    Respectfully submitted,

                                                                                  NAPOLI SHKOLNIK, PLLC

                                                                                   /s/ Wilson Sikes
                                                                                 Wilson Sikes, MO Bar #69579.
                                                                                 Mark Twain Plaza III
                                                                                 105 West Vandalia Street, Suite 475

Edwardsville, Illinois 62025
(212) 397-1000
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: December 20, 2018

                                           NAPOLI SHKOLNIK, PLLC

                                           /s/ Wilson Sikes
                                           Wilson Sikes, MO Bar #69579.
                                           Mark Twain Plaza III
                                           105 West Vandalia Street, Suite 475
                                           Edwardsville, Illinois 62025
                                           (212) 397-1000
                                           *Attorney for Plaintiffs*